UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES EUGENE LARIVE JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BELLE FOURCHE, BUTTE COUNTY, <br><br> Defendants. | CIV. 20-5016-JLV <br><br><br> ORDER |

## INTRODUCTION

Plaintiff James Eugene Larive, Jr., appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983 while incarcerated. (Docket 1). Plaintiff moved to proceed *in forma pauperis* and filed his prisoner trust account report. (Dockets 3 & 5). He also filed a motion for appointed counsel. The court grants plaintiff leave to proceed *in forma pauperis*, dismisses his complaint and denies his motion to appoint counsel as moot.

I. ***In Forma Pauperis* Status**

Plaintiff's motion to proceed *in forma pauperis* includes an affidavit attesting to his indigency. (Docket 3). He states he presently has no funds because of his incarceration. Id. The court finds plaintiff is indigent and grants him leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners seeking to proceed *in forma pauperis* to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

- (A) the average monthly deposits to the prisoner's account; or
- (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized jail official. (Docket 5). The report shows an average monthly deposit for the past six months of $117.70, an average monthly balance for the past six months of $117.70, and a current balance of $.65. Id. The partial filing fee works out to $23.54. Plaintiff must make this payment by **May 4, 2020**. If plaintiff does not make this payment, his institution shall assess the fee as part of his installment payments.

To pay the full filing fee as required by law, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on plaintiff's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### B. Analysis

Plaintiff's complaint appears to challenge alleged defects in his state and federal criminal cases.[1] He asserts a state warrant incorrectly identified him as soliciting a minor, when his offense involved a federal agent pretending to be a

---

[1] Plaintiff was federally convicted of attempted commercial sex trafficking. United States v. Larive, 794 F.3d 1016 (8th Cir. 2015). His federal presentence investigation report indicates he was charged with solicitation/exploitation of a minor in state court for the same conduct underlying his federal conviction, but the court does not know how the state charges were resolved.

3

minor. (Docket 1 at p. 3). He further argues a warrant was not served on him and that his e-mails were improperly obtained. Id. at p. 4. Finally, he asserts he "spent a week in jail" on the state case without "indictment or crime." Id. at p. 5. For redress, plaintiff seeks damages corresponding to the time he would have worked but for his conviction. Id. He also asks to vacate his sentence. Id.

Plaintiff's complaint is Heck-barred. In Heck v. Humphrey, the Supreme Court held:

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. 477, 486-87 (1994). Plaintiff seeks to vacate his federal conviction, but does not allege it has been overturned in some way.[2] In fact, the United States Court of Appeals for the Eighth Circuit affirmed his federal conviction on direct appeal and the court has not granted a writ of habeas corpus. Plaintiff cannot undermine his conviction in a § 1983 action. Heck requires the court to dismiss the complaint. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Because the court dismisses plaintiff's complaint, it also denies his motion for appointed counsel as moot.

---

[2]Plaintiff also does not allege his state conviction, if one exists, has been reversed.

**ORDER**

For the above reasons, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that plaintiff shall pay an initial partial filing fee of $23.54 to the Clerk of Court for the United States District Court for the District of South Dakota by **May 4, 2020**.

IT IS FURTHER ORDERED that, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), for failure to state a claim upon which relief may be granted

IT IS FURTHER ORDERED that, plaintiff's motion to appoint counsel. (Docket 2) is denied as moot.

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the Clerk of Court pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $400 is paid in full.

Dated April 2, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE